**ANTILLES AIR BOATS, INC., Plaintiff**

v.

**AIRLIFT INTERNATIONAL, INC., Defendant**

Civil No. 72-1970

Municipal Court of the Virgin Islands

Div. of St. Thomas and St. John

April 7, 1971

HOWARD K. GIBBS, Attorney, St. Thomas, V.I., *for the plaintiff*

FREDERICK W. ROSENBERG, Attorney, St. Thomas, V.I., *for the defendant*

HOFFMAN, *Judge*

## JUDGMENT

This is an action for damages which were allegedly sustained as the result of a delay in transportation of a "Float and A Frame" which defendant was to deliver to the plaintiff in St. Thomas from the point of origin of New Orleans. This delay allegedly caused the plaintiff to suffer a loss of revenue in his business due to the fact that it was unable to operate one of its planes during this period. Howard K. Gibbs, Esq., was the attorney for the plaintiff and Frederick D. Rosenberg, Esq., represented the defendant. After considering the testimony taken at the March 29, 1971 trial as well as the exhibits admitted into evidence at that time and being fully advised in the premises, the Court makes the following:

## FINDINGS OF FACTS

(1) Late in March of 1969, Captain Terwilleger, the Deputy General Manager of Antilles Air Boats, Inc., called Airlift International, Inc. in Florida and spoke to a Mr. DeLeo, then President of that organization, and Mr. Philip Ferrari, the District Sales Manager of that organization.

He informed them that he was having some equipment shipped to St. Thomas from New Orleans and that it was very important that he receive it as soon as possible.

(2) Neither Mr. DeLeo nor Mr. Philip Ferrari gave him any guarantees as to the date the equipment would arrive in St. Thomas, but instead they told Captain Terwilleger that they would do their best to see to it that he received prompt delivery.

(3) The freight in question was delivered to the defendant in New Orleans on April 1, 1969 at 5:20 p.m. and not before as the plaintiff tried to establish at trial. At this time the defendant, as was its usual business practice, delivered to the shipper, Antilles Air Boats, Inc., the shipper's copy of the air way bill (John Alvey was sent by the plaintiff to New Orleans to expedite the shipment and the Court finds that he was the person who received this copy of the air way bill).

(4) Had everything run perfectly (the route in question entailed three stops—Atlanta, Miami and San Juan—as well as four different planes), the earliest that the equipment could have gotten to St. Thomas would have been April 3, 1969. It was not, however, at all uncommon for such a shipment to take 5 days or longer, particularly in view of the heavy cargo traffic which existed during this part of the year.

(5) The shipment in question actually arrived in St. Thomas on April 5, 1969. There was testimony that this equipment would have arrived in St. Thomas two days earlier had it not, for some unexplained reason, been sent back to Miami after it had arrived in San Juan.

CONCLUSIONS OF LAW

(1) By its terms the contract for carriage (the air way bill) incorporated by reference the governing tariff regula-

195

tions of the defendant then on file with the Civil Aeronautics Board.[1]

(2) Under all the facts and circumstances of this case, the Court finds that the defendant was not negligent and did not breach the contract in making delivery of the "Float and A Frame" in St. Thomas on April 5, 1969. The mere fact that the equipment may have been transferred back to Miami after its arrival in Puerto Rico and before it eventually arrived in St. Thomas, is not sufficient to alter this result. The plaintiff has failed to show any unreasonable delay in delivery.

Judgment for defendant dismissing the complaint with costs and $500.00 attorney's fee. The Clerk will enter judgment accordingly. Execution stayed for 15 days from entry of judgment by Clerk.

---

[1] The applicable provisions of the defendant's tariffs then in effect provided as follows:

Rule 7 Consignments in Transit

(c) Schedules, Routings and Cancellations

(1) Times shown in timetables or elsewhere are approximate and not guaranteed and form no part of the contract of carriage. No time is fixed for the commencement or completion of carriage or delivery of cargo. Unless otherwise provided in Carrier's regulations, Carrier assumes no obligation to carry the cargo by any specified aircraft or over any particular route or routes, or to make connections at any point according to any particular schedule, and Carrier is hereby authorized to select or deviate from the route or routes of consignment . . . .

Rule 15 Limitation of Liability

Except as the Convention or other applicable law may otherwise require:

(A) Carrier is not liable to the shipper . . . for any damage, delay or loss . . . unless . . . proved to have been caused by the negligence or willful fault of the Carrier . . . .

(K) Carrier shall not be liable in any event for any consequential or special damages arising from carriage subject to this tariff, whether or not Carrier had knowledge that such damages might be incurred.